[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10773

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HOLLIS THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00119-TFM-1

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Hollis Thompson appeals his 14-month sentence upon revocation of supervised release. He argues that his sentence was substantively unreasonable because the district court gave significant weight to an improper or irrelevant factor, failed to give consideration to factors that were due significant weight, and committed a clear error of judgment in weighing the proper factors. We disagree and affirm.

We generally review a sentence imposed upon revocation of supervised release for reasonableness. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). When reviewing for procedural reasonableness, we consider legal issues *de novo* and reviews factual findings for clear error. *See United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010). When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden to show that the sentence is unreasonable considering the record and the 18 U.S.C. § 3553(a) factors. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

If an appellant did not object on the basis of procedural reasonableness before the district court, we review for plain error. *Vandergrift*, 754 F.3d at 1307. But a defendant's argument for a specific sentence in the district court preserves for appeal a claim

that a longer sentence was substantively unreasonable. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766–67 (2020). A defendant is not required to raise a specific objection that the sentence is unreasonable, which is the standard of review for appeal, but need only bring to the district court's attention his view that a longer sentence is greater than necessary. *See id.*

In reviewing the reasonableness of a sentence, we first consider whether the district court committed a procedural error, such as failing to calculate or improperly calculating the guideline range. *See Gall*, 552 U.S. at 51. We ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *See id.* A district court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is usually sufficient. *See United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

A court can abuse its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Thus, a district court's unjustified reliance on any one § 3553(a) factor may be indicative of an unreasonable sentence. *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Though the district court is required to evaluate all of the § 3553(a) factors, the weight

accorded to each factor is within the sound discretion of the district court. *See United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014). Under the abuse-of-discretion standard, we will affirm any sentence that falls within the range of reasonable sentences, even if we would have decided that a different sentence was more appropriate. *See Irey*, 612 F.3d at 1191. Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A district court may revoke supervised release after considering "the factors set forth in [§§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). The enumerated § 3553(a) factors include, in relevant part, (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence to criminal conduct; (3) the need to protect the public from further crimes of the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range under the Guidelines; and (6) any pertinent policy statement issued by the Sentencing Commission. *See* § 3553(a). Absent from § 3583(e) is § 3553(a)(2)(A), which provides that a district court consider "the

need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2)(A). The introduction to Chapter 7 of the Sentencing Guidelines explains that the Commission adopted the position that, in revoking supervised release, a district court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment.

In *Vandergrift*, we considered, under plain error review, whether a district court's consideration of § 3553(a)(2)(A) in imposing a sentence upon revocation of supervised release was procedurally unreasonable. 754 F.3d at 1308–09. We recognized that neither we nor the Supreme Court had addressed whether it was an error to consider a factor listed in § 3553(a)(2)(A) when imposing a sentence after revoking supervised release and that those circuits that had published an opinion addressing the issue were split. *See id.* However, we held that, considering the lack of clear binding precedent and the circuit split, a district court's consideration of § 3553(a)(2)(A) in imposing a sentence upon revocation of supervised release was not plain error. *See id.*

Here, as an initial matter, the district court's consideration of § 3553(a)(2)(A) in imposing a sentence upon revocation of supervised release, an issue which Mr. Thompson did not raise at sentencing and which we have considered to be a question of procedural reasonableness, was not plain error, as it was not contrary to

binding precedent.  Moreover, Mr. Thompson's sentence was substantively reasonable because it was below the statutory maximum and within the guideline range and the district court considered and did not abuse its discretion in weighing the applicable § 3553(a) factors, including his background and characteristics, and the circumstances of his violation of the terms of his supervised release (which involved use of a controlled substance, discharge from a residential re-entry center, and the improper use of a phone at the center).

**AFFIRMED.**