[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13703
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00017-RWS-ECS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE RAMIREZ-GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 23, 2014)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

In January 2013, Jorge Ramirez-Gonzalez was indicted for illegal re-entry into the United States in 2011 by an aggravated felon, in violation of 8 U.S.C. 1326(a) and (b)(2).[1]  In March 2013, he pled guilty to the charge.  The presentence report ("PSI") prepared by the District Court's Probation Office enhanced Ramirez's base offense level of 8 by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his 2006 conviction in Georgia for enticing a child for indecent purposes, in violation of O.C.G.A. § 16-6-5(a).[2]  After reducing his offense level to 21 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and fixing his criminal history category at V, the PSI calculated the Guidelines range at 70 to 87 months imprisonment.  At sentencing, the District Court adopted this range, but granted a downward variance and sentenced Ramirez to a prison term of 54 months, with 2 months credit for time served.

Ramirez appeals his sentence, arguing, first, that the District Court erred in finding that his O.C.G.A. § 16-6-5(a) conviction qualified as "sexual abuse of a minor" and enhancing his base offense level by 16 levels, and second, that his sentence is substantively unreasonable because the court failed to consider

---

[1]  Prior to the indictment in this case, Ramirez had been deported twice, in 2006 and 2011 (prior to the re-entry charged in this case).  Immigration officials found him on September 26, 2012, while he was in the custody of the Georgia Department of Corrections servicing a sentence for DUI.

[2]  The § 16-6-5(a) offense was charged in Count 1 of a three-count indictment.  Count 2 charged false imprisonment, in violation of O.C.G.A. § 16-5-41, and Count 3 charged criminal trespass, in violation of O.C.G.A. § 16-7-21.  Ramirez was convicted of all three offenses.

adequately that his § 16-6-5(a) conviction was based on a guilty plea entered pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. We affirm.

## I.

We review "*de novo* whether a defendant's prior conviction qualifies as a 'crime of violence' under the Guidelines." *United States v. Cortes-Salazar*, 682 F.3d 953, 954 (11th Cir. 2012). Section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides that the base offense level for illegally re-entering the United States should be increased by 16 levels if the conviction that led to the initial deportation was a felony "crime of violence."[3] U.S.S.G. § 2L1.2(b)(1)(A)(ii). Under § 2L1.2, "a felony conviction qualifies as a crime of violence . . . if either (1) the defendant was convicted of one of the enumerated offenses; or (2) the use, attempted use, or threatened use of physical force was an element of the offense." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010). Among the enumerated offenses that qualify as a crime of violence under § 2L1.2 is any conviction for an offense under federal, state, or local law that qualifies as the "sexual abuse of a minor." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

Generally, to determine whether a prior conviction is a qualifying crime-of-violence offense for enhancement purposes, we first apply the categorical

---

[3] The conviction led to Ramirez's first deportation, in 2006.

3

approach. *Palomino Garcia*, 606 F.3d at 1336; *see Taylor v. United States*, 495 U.S. 575, 598-602, 110 S.Ct. 2143, 2158-60, 109 L.Ed.2d 607 (1990) (holding that the formal categorical approach requires the sentencing court to focus on the statutory definition of the offense, or the charging papers and jury instructions, to discern if the conviction substantially corresponded to a generic offense). We usually look only at the statute and judgment of conviction to determine whether the prior conviction is a qualifying offense. *Palomino Garcia*, 606 F.3d at 1336. If there is no ambiguity as to whether the offense qualifies as a predicate offense for enhancement purposes, we need "look no further" than those materials. *See id*. If, however, "the scope of acts criminalized by the statutory definition of the prior offense is broader than the generic definition of the enumerated offense, then, under the categorical approach, the prior conviction does not fall within the enumerated offense." *United States v. Ramirez-Garcia*, 646 F.3d 778, 782-83 (11th Cir. 2011).

In *United States v. Padilla-Reyes*, we looked to the ordinary and unambiguous meaning of the terms contained in the phrase "sexual abuse of a minor," as used in 8 U.S.C. § 1101(a)(43)(A) and cross-referenced by the version of § 2L1.2 in effect at that time,[4] and concluded that such offenses involve "a

---

[4] Section 2L1.2 was later amended to directly include the "sexual abuse of a minor" language, rather than rely on a cross-reference to § 1101(a)(43)(A). *See Cortes-Salazar*, 682 F.3d at 955.

4

perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification."  247 F.3d 1158, 1163 (11th Cir. 2001).  Based on that definition, we held that Fla. Stat. § 800.04 (1987), which proscribed "[l]ewd, lascivious, or indecent assault or act[s] upon or in presence of child; sexual battery," constituted "sexual abuse of a minor" and triggered the 16-level enhancement under § 2L1.2(b)(1)(A).  *Id.* at 1159, 1164.  Although "sexual abuse of a minor" now explicitly appears in the commentary to § 2L1.2 as an enumerated crime-of-violence offense, rather than appearing by reference to § 1101(a)(43)(A) to define "aggravated felony," we apply the same definition to the term as we did when *Padilla-Reyes* was decided.  *Cortes-Salazar*, 682 F.3d at 956-57.

This generic definition of "sexual abuse of a minor" from *Padilla-Reyes* has been interpreted broadly, as "'[m]isuse' or 'maltreatment' are expansive words that include many different acts."  *Ramirez-Garcia*, 646 F.3d at 784.  Because the definition includes nonphysical misuse and maltreatment, we have applied it to underlying offenses that include solicitation and attempt.  *See Taylor v. United States*, 396 F.3d 1322, 1329 (11th Cir. 2005) (holding that an alien was barred from a discretionary waiver of deportation under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c) because his prior conviction under a Florida statute proscribing "solicitation of a child who was 16-years-old to engage

in a sexual battery" constituted "sexual abuse of a minor" under § 1101(a)(43)(A), and noting that such solicitation represents nonphysical conduct committed for the purpose of sexual gratification); *Ramirez-Garcia*, 646 F.3d at 780 (applying the definition, as used in § 2L1.2(b)(1)(A), to a North Carolina statute that criminalized the taking or attempted taking of "any immoral, improper, or indecent liberties with any child," and the commission or attempted commission of "any lewd or lascivious act upon or with the body . . . of any child of either sex under the age of 16 years.").

Section 16-6-5 of the Georgia Code criminalizes the enticing of a child for indecent purposes, and someone commits the offense "when he or she solicits, entices, or takes any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." O.C.G.A. § 16-6-5(a). A person commits child molestation when he:

> (1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person; or
> (2) By means of an electronic device, transmits images of a person engaging in, inducing, or otherwise participating in any immoral or indecent act to a child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

O.C.G.A. § 16-6-4. The Georgia courts have interpreted the term "indecent" in the context of § 16-6-4 to be sufficient to "alert a defendant that he or she was being charged with committing an unlawful act with a lustful intent against a child" and

6

that "[s]uch an act would inherently be for someone's sexual gratification." *Hammock v. State*, 411 S.E.2d 743, 746 (Ga. Ct. App. 1991).  Likewise, in the context of § 16-6-5(a), the courts have recognized that the words "'indecent acts' . . . are not so vague and undefined as to prevent a person from recognizing the conduct they forbid," namely, "acting with the intent of engaging in illicit sexual conduct with a minor."  *State v. Marshall*, 698 S.E.2d 337, 339 (Ga. Ct. App. 2010).  The courts largely base this interpretation on the fact that § 16-6-5 was enacted as part of a code chapter entitled "Sexual Offenses," which alerts defendants to the fact that they are accused of acting with intent to engage in sexual misconduct.  *Id.* at 339-40.

In *United States v. McGarity*, one of the defendants faced potential enhancements under 18 U.S.C. §§ 2251(e) and 2252A(b)(1) for a prior conviction of § 16-6-5(a).  669 F.3d  1218, 1261-63 (11th Cir. 2012).  We noted that § 2251(e) applied an enhancement for a "prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, [or] abusive sexual *contact* involving a minor," and § 2252A(b)(1) applied an enhancement for "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual *conduct* involving a minor."  *Id.* at 1262 (ellipses in original); *see* 18 U.S.C. §§ 2251(e), 2252A(b)(1).  In upholding the two sentence enhancements based on the defendant's prior conviction under

§ 16-6-5(a), we relied on the Georgia Court of Appeals's holdings in *Hammock* and *Marshall* that defined "indecent" in § 16-6-5(a) as giving "notice to the defendant that 'he or she was being charged with committing an unlawful act with a lustful intent against a child." *McGarity*, 669 F.3d at 1262. We further stated that, by its nature, § 16-6-5(a) "proscribes the solicitation of a minor to engage in sexual conduct or conduct which, by its nature, is a sexual offense against a minor." *Id.*

We conclude that a violation under § 16-6-5(a) fits within *Padilla-Reyes*'s broad generic definition of "sexual abuse of a minor" that includes both physical and nonphysical misuse and maltreatment of a minor for the purposes of sexual gratification. Accordingly, the District Court did not err in concluding that the underlying conviction under § 16-6-5(a) categorically constituted a crime of violence under § 2L1.2(b)(1)(A)(ii).

## II.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). A court abuses its discretion when it (1) fails to consider all factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.

8

2010). The factors that the court weighs are set forth in 18 U.S.C. § 3553(a). "[A] district court commits a clear error in judgment when it weighs those factors unreasonably, arriving at a sentence that does not achieve the purposes of sentencing," as stated in that statute. *Id.* (quotation omitted). These purposes include the need for the sentence to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)-(C). The court must also consider the nature and circumstances of the offense committed and the defendant's history and characteristics, the kinds of sentences available, the Guidelines range applicable to the defendant, Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities between defendants with similar records who have been found guilty of similar conduct, and any need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

A district court is required to "evaluate all of the § 3553(a) factors when arriving at a sentence." *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009). The weight accorded to each factor, however, is "a matter committed to the sound discretion of the district court." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (citation omitted). "We do not reweigh relevant factors nor do we remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence outside the

9

range of reasonable sentences." *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).

An *Alford* plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense. *See Alford*, 400 U.S. at 37-38, 91 S.Ct. at 167-68. "[T]he collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilty" so long as "the guilty plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant, and a sufficient factual basis exists to support the plea of guilt." *Blohm v. C.I.R.*, 994 F.2d 1542, 1554 (citation omitted) (holding that a taxpayer was collaterally estopped from denying liability for civil fraud under 26 U.S.C. § 6653 for the same year he entered an *Alford* plea on a criminal tax fraud conviction under 26 U.S.C. § 7201). Under Georgia law, an *Alford* plea is "a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury." *Morrell v. State*, 677 S.E.2d 771, 772 n.3 (Ga. Ct. App. 2009) (quotations omitted).

As discussed in our resolution of the first issue, the District Court was correct in determining that a 16-level enhancement applied to Ramirez-Gonzalez's prior conviction for enticement of a minor. The fact that his conviction was based on an *Alford* plea is immaterial because the collateral consequences of an *Alford*

10

plea are no different than those of an ordinary guilty plea.  Although the court correctly applied the 16-level enhancement, it also issued a considerable downward variance to negate the potential sentencing disparities that could have resulted from the enhancement on these facts, evidencing the court's sound consideration of the § 3553(a) factors.  The resulting 52-months sentence was below the Guidelines range of 70 to 87 months, well below the maximum sentence of 20 years set by § 1326(b)(2), and overall, substantively reasonable.

AFFIRMED.