[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10004
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00127-CG-N-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMIE EARL RICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 24, 2019)

Before WILLIAM PRYOR, GRANT and FAY, Circuit Judges.

PER CURIAM:

Jamie Earl Rich appeals his 46-month sentence imposed after pleading guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  We affirm.

## I. BACKGROUND

According to the presentence investigation report ("PSI"), in December 2017, deputies responded to a harassment complaint and made contact with Rich, who was outside his camper trailer.  Upon request, Rich gave the deputies permission to look inside his trailer, where they observed in plain sight a glass jar containing marijuana.  Rich volunteered to the deputies that he had a little marijuana, a meth pipe, and a .22-caliber rifle.  Rich signed a consent-to-search form; a subsequent search revealed a glass jar containing approximately 5 grams of marijuana, a wooden box containing a small amount of marijuana, an open safe containing four glass pipes, digital scales, several small plastic baggies, a tool box containing 40 rounds of 10mm ammunition, a 12-gauge shotgun shell, and a .22-caliber rifle without a frame/stock.  Additionally, a .22-caliber pistol magazine and 74 rounds of .22-caliber ammunition was found in a cabinet near the back of the trailer.  Rich admitted to the deputies that he was a convicted felon and stated that he used the rifle to hunt rabbits and squirrels.

Rich was indicted for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  He pled guilty.  The PSI found Rich to have a

base-offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A).  The PSI assigned a 4-level increase, pursuant to U.S.S.G. § 2K2.1(b)(6)(B), because the firearm was possessed in connection with another felony offense (here, first-degree possession of marijuana).  Rich received a 3-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a), (b), resulting in a total offense level of 21.  Rich's total offense level of 21, combined with a criminal history category III, yielded a guideline imprisonment range of 46 to 57 months.  His statutory maximum term of imprisonment was 10 years.  18 U.S.C. § 924(a)(2).

Rich filed an objection to the PSI, contending that he did not possess the firearm in connection with another felony offense because he was in possession of a small amount of marijuana for personal use.  Rich also filed a written position with respect to the sentencing factors, which argued that he possessed a small amount of marijuana for personal use, that the firearm was unloaded in the bedroom where no marijuana was found, and that the wooden stock and forestock had been removed and were found outside of the trailer.  Rich argued that the presence of the firearm did not facilitate the possession of marijuana and was not possessed in connection with the marijuana.  The government filed a response, which argued that, because Rich had already been convicted of second-degree possession of marijuana, his subsequent possession of even a personal amount constituted a felony under 21 U.S.C. § 844(a), or under state law, Ala. Code §

3

13A-12-213(a).  Further, the government contented that, while Rich suggested that the weapon would not be effective as found, the PSI noted that Rich admitted he had used the firearm to hunt.

At sentencing, Rich renewed his objection and entered an exhibit of the firearm into evidence.  The district court found that the firearm was still functional and had the potential to be used because it could have been put back together.  Rich argued that the firearm possession coincided with the marijuana offense, but that it did not facilitate the marijuana offense.  The district court found that the firearm, even disassembled, had the potential for use in protecting the marijuana and overruled Rich's objection.  The court then sentenced Rich to 46 months imprisonment, with 3 years of supervised release.  The court noted that the sentence was appropriate "mainly because of [Rich's] criminal history, which [was] somewhat underrepresented by level III."  Further, the court noted that the sentence was reasonable as it addressed the seriousness of the offense and the sentencing objectives of punishment, deterrence, and incapacitation.

Rich objected to the sentence as procedurally and substantively unreasonable.  Rich argued that it was greater than necessary because the 4-level enhancement determination was incorrect, and because the 18 U.S.C. § 3553(a) factors should have resulted in a lower sentence.  The government requested a

*Keene*[1] statement that the district court would impose the sentence regardless of the guidelines.  The district court stated that the sentence was appropriate because it was reasonable under the statutory purposes of sentencing, in that regardless of whether it miscalculated the guidelines, it was an appropriate sentence.

On appeal, Rich argues that his possession of a firearm did not facilitate or have the potential to facilitate his possession of a small amount of marijuana, and that proximity alone could not support an enhancement.

## II. DISCUSSION

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  Reviewing reasonableness is a two-part process which requires us to ensure that (1) the district court did not commit a significant procedural error, and (2) the sentence is substantively reasonable.  *Id.* at 51, 128 S. Ct. at 597.  Improper calculation of the guidelines range is considered a procedural error.  *Id.*, 128 S. Ct. at 597.  A district court's finding that a firearm was possessed "in connection with" another felony offense is a factual finding that we review for clear error.  *United States v. Whitfield*, 50 F.3d 947, 949 & n.8 (11th Cir. 1995).  However, it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence,

---

[1] *United States v. Keene*, 470 F.3d 1347 (11th. Cir. 2006).

5

and the ultimate sentence was reasonable. *United States v. Keene*, 470 F.3d 1347, 1349 (11th. Cir. 2006).

As to substantive reasonableness of a sentence, we will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [18 U.S.C.] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quoting *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008)).  The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  The district court "need not 'explicitly articulate that it ha[s] considered the § 3553(a) factors'" and "need not discuss each factor." *United States v. Flores*, 572 F.3d 1254, 1270 (11th Cir. 2009) (alteration in original) (quoting *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007)).  "We do not reweigh relevant factors nor do we remand for re-sentencing unless the district court committed a clear error of judgment in weighing the § 3553(a) factors . . . ." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014) (quoting *United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009)).  The party challenging the sentence bears the burden of proving the sentence is unreasonable considering the totality of the circumstances

6

and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Here, the district court stated that it would impose the sentence regardless of whether it miscalculated the guidelines. The court stated that the sentence was appropriate because it was reasonable under the statutory purposes of sentencing, in that regardless of whether the U.S.S.G. § 2K2.1(b)(6)(B) enhancement applied, it was an appropriate sentence. As such even if the guidelines were erroneously calculated, Rich would have received the same sentence.

Further, Rich's sentence of 46 months was reasonable under the statutory purposes of sentencing and was within the range of reasonable sentences dictated by the facts of the case. Without the enhancement Rich's guidelines would have been 30 to 37 months. *See* U.S.S.G. Sentencing Table, Ch. 5, Pt. A. In fashioning its sentence, the district court emphasized how Rich's criminal history was not fully accounted for, stating that the sentence was "mainly because of [Rich's] criminal history, which [was] somewhat underrepresented by level III."

The district court also noted that the sentence was consistent with the statutory goals of sentencing and addressed the seriousness of the offense as well as the sentencing objectives of punishment, deterrence, and incapacitation. Moreover, Rich has not met his burden of showing that, if the guidelines were

7

lower, the district court's sentence of 46 months was a clear error in judgment. *See Ramirez-Gonzalez*, 755 F.3d at 1273; *Tome*, 611 F.3d at 1378.

Additionally, while the Supreme Court in *Rosales-Mireles v. United States* required correction of plain errors in the calculation of the sentencing guidelines, even when unpreserved, the case did not undermine the harmless error doctrine as found in *Keene*. *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018). In *Rosales-Mireles*, a misdemeanor conviction was calculated twice, which improperly increased Rosales-Mireles's criminal history score. *Id.* at 1906. Because the issue went unnoticed, it was first raised on appeal and the Supreme Court analyzed the issue for plain error. *Id.* at 1905-06. Unlike here, where the district court indicated that it would give the same sentence regardless of whether Rich should have received the enhancement, the district court in *Rosales-Mireles* had no opportunity to make such a statement, leaving questions about whether Rosales-Mireles would have received the same sentence without the error. Thus, the Supreme Court remanded because the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1906. Here, however, Rich's sentence would remain unchanged even under a new calculation and any potential error did not affect the fairness or integrity of his proceedings because the district court relied on other factors in imposing the sentence.

Because the district court stated that it would impose the same sentence, regardless of whether it miscalculated the guidelines, and because the sentence imposed was reasonable, any error in calculating the guidelines was harmless. *See Keene*, 470 F.3d at 1349.

**AFFIRMED.**