[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13261

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHEL PROENZA MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cr-20602-DPG-1

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Michel Proenza Martinez appeals his total sentence of 135 months' imprisonment following his convictions for one count of attempted robbery and one count of brandishing a firearm in the furtherance of a crime.  He argues that his 135 month total sentence was substantively unreasonable because the District Court did not consider mitigating factors.  Because we find that the District Court did consider all the mitigating factors, and because Martinez's sentence is reasonable, we affirm the District Court's sentence.

## I.

On September 9, 2019, Martinez entered an Amoco gas station in Miami Gardens, Florida and approached the gas station clerk, who was standing in the gas station's protected, bulletproof booth. Because the clerk recognized Martinez as a regular customer, the clerk left the booth in response to Martinez's request for a pastry from the kitchen area of the gas station.

Once the clerk was outside of the booth, Martinez withdrew a firearm from the waistband of his pants, pointed it at the clerk's head, and told the clerk to lay on the ground. Martinez told the clerk that if he did not comply with Martinez's demands, Martinez would kill him.  Martinez then ordered the clerk to go back into the booth and give him the gas station's money.  The clerk returned to the booth but was able to lock the door before Martinez

could follow him inside.    Martinez struck the door of the booth with his gun and demanded that the clerk open the door, but the clerk refused.  Martinez then told the clerk he would return to the station and kill him later.  The clerk called 9-1-1 after Martinez left the store and Martinez was apprehended by the police shortly thereafter.

Martinez was charged with one count of attempted robbery, in violation of 18 U.S.C. § 1951(a), one count of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of knowingly possessing a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1).  He pled guilty to counts one and two in exchange for dismissal of count three.

Martinez's presentence report ("PSI") assigned him a base level of 20, pursuant to U.S.S.G. § 2B3.1(a), because the offense conduct involved an attempted robbery.  It then subtracted three points for accepting responsibility, yielding a total offense level of 13.  With regards to Martinez's criminal history, the PSI found that Martinez had convictions for aggravated battery with a deadly weapon, grand theft, aggravated fleeing and eluding, burglary, resisting an officer with violence, possession of cocaine and marijuana, criminal mischief, reckless display of a weapon, driving under the influence, and multiple convictions for driving on a suspended license.  The PSI also noted that Martinez had violated the conditions of his release for several of his prior offenses and that, during his pretrial detention in connection with the present charges, officials had disciplined him for (1) threatening the staff and (2)

possessing a hazardous tool.  Based on the above convictions and behaviors, the report assigned Martinez a criminal history category of VI.

Martinez's offense level and criminal history category resulted in a guideline range of 51 to 63 months for count one, subject to a statutory maximum of 240 months' incarceration, and a guideline range of 84 months for count two, which had to run consecutively and was subject to a statutory maximum of life imprisonment.  Combined, his advisory guideline range was 135 to 147 months' incarceration.

The PSI also provided a short personal history of Martinez, reporting that he was born in Cuba, brought to the U.S. illegally as a young child, and sexually molested by a family friend between the ages of 13 and 14.  The PSI also reported that Martinez claimed he was diagnosed with schizophrenia in 2012 and that he admitted to drinking alcohol, smoked marijuana, inhaled cocaine, and used Percocet and Xanax each day.

Prior to sentencing, Martinez submitted a memorandum requesting a downward departure or variance because (1) his criminal history category overstated the seriousness of his offenses; (2) the robbery was not completed, and no one was hurt in the attempt; (3) he suffered from mental health issues; and (4) he was a deportable non-citizen unable to benefit from rehabilitation programs such as substance abuse treatment.  Martinez also submitted a psychological evaluation performed by Dr. Michael Brannon, who, after diagnosing Martinez with bipolar disorder and drug and

alcohol disorders, had concluded that Martinez would benefit from long-term, residential treatment.

At the sentencing hearing, Martinez again asked the Court to provide a downward departure for the same reasons outlined in his memorandum. The Government argued that a within-guideline sentence was appropriate, and that the PSI did not overreport Martinez's criminal history.[1] Ultimately, after having reviewed the PSI, Martinez's sentencing memorandum, the psychological report, and the 18 U.S.C. § 3553 factors, the District Court denied Martinez's request for a downward departure and downward variance. It acknowledged the "unique circumstances with regard" to Martinez, but also noted that "this is a serious offense and I really can't imagine anything more terrifying than having a firearm pointed directly at your head." It also found that "there has never really been any significant period of time where the defendant has not [been a defendant in one criminal case or another], so just balancing all the equities, I don't find that his criminal history category is overstated or that a guideline sentence wouldn't be otherwise appropriate in this case." The District Court therefore sentenced Martinez to 135 months' imprisonment, the low end of the guideline range. Martinez now appeals.

---

[1] The Government noted that Martinez had 14 criminal convictions that were not accounted for in the PSI's criminal history calculation and that Martinez was "someone whose entire adult life, really over the last 20 years, has never not . . . been committing criminal conduct."

## II.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). We examine whether, in light of the totality of the circumstances, a sentence is substantively reasonable. *Id.* at 51, 128 S. Ct. at 597. The party who challenges the sentence bears the burden to show that the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

A district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect on the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In doing so, the court engages in a "holistic endeavor that requires [it] to consider a variety of factors[,]" including the nature and circumstances of the offense and the defendant's history and characteristics. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court is required to evaluate all the § 3553(a) factors, but the weight accorded to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014).

Martinez argues that the District Court's sentence of 135 months was substantively unreasonable. He argues that the Court should have taken into account (1) the fact that eleven of

Martinez's criminal convictions listed in the PSI related solely to driving offenses; (2) the fact that Martinez had long-standing mental health and substance abuse issues; and (3) the fact that Martinez, as a deportable alien, might suffer a harsher prison sentence (i.e., one without access to the prison drug rehabilitation program) than he might otherwise were he not deportable. District Court, Martinez argues, "made a 'clear error in judgment' when it failed to take into account [these] crucial aspects of the case" when it decided not to depart below the guideline range.

Martinez's arguments are unavailing. Here, the District Court considered the totality of the circumstances, including the aggravating and mitigating factors, and found that the seriousness of Martinez's offense conduct—which included pointing a gun at someone's head during an attempted robbery—and his extensive criminal history, warranted a within-range total sentence. Indeed, the District Court stated that it had "considered everything" before it and, while acknowledging that the mitigating factors Martinez presented were "unique" and "undoubtedly had some effect on him," also explained that it could not "imagine anything more terrifying than having a firearm pointed directly at your head." And although Martinez downplayed his criminal history by arguing much of it related to driving offenses, the District Court was clearly struck by the fact that there was no significant period of time during Martinez's adult life in which he had not been engaged in criminal conduct of one sort or another.

8                    Opinion of the Court                    21-13261

Ultimately, Martinez's appeal boils down to a disagreement with the District Court's decision to give greater weight to the aggravating factors in this case—Martinez's considerable criminal history and the seriousness of the offense committed—when crafting its sentence. But there is no doubt that it was within the District Court's discretion to give greater weight to these aggravating factors. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (noting that the weight given to any particular § 3553 factor is a matter committed to the sound discretion of the district court) (citing *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007)).

In sum, the District Court's decision to deny Martinez's request for a downward departure or variance was within its substantial discretion.  Martinez's 135 month sentence, at the bottom of the advisory guidelines range, and well below the statutory maximum, was substantively reasonable.  Accordingly, the District Court's sentence is

**AFFIRMED**.