[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13073

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MYLES FRAZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cr-00049-SCJ-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Myles Frazier created an online persona as a young female to persuade and coerce at least seven minors to produce child pornography and, on one occasion, engage in prostitution. Frazier pleaded guilty to eight criminal counts: one for coercion of a minor to engage in prostitution, one for cyberstalking, and six for production of child pornography. The district court calculated Frazier's offense level by imposing two enhancements because the offense involved (1) multiple counts and (2) a pattern of activity involving sexual conduct with a minor. The court then sentenced Frazier to 288 months' (twenty-four years') confinement, varying downward from the Guidelines range of life. Frazier argues his sentence was procedurally unreasonable based on double counting and substantively unreasonable because the district court failed to properly consider the 18 U.S.C. § 3553(a) factors. We disagree on both points and therefore affirm Frazier's sentence.

## I.

The FBI began investigating Frazier when the father of sixteen-year-old M.B. reported threatening texts to his son from Frazier, posing as a woman named "Liv." Frazier connected with M.B. on Instagram in May 2019 using his catfish account. After exchanging numbers, Frazier arranged for an adult male to meet M.B. at his home and engage in sex acts with M.B. Frazier paid M.B. a total

of 135 dollars for the adult male—who was actually Frazier—to perform oral sex on M.B. twice. M.B. asked Frazier to stop during oral sex both times, and the second time, M.B. had to shove Frazier to stop him.

When M.B. stopped texting Frazier, Frazier began threatening to expose M.B. if he did not "work" or pay Frazier back. In just one week, Frazier sent M.B. over 100 harassing texts. Frazier repeatedly threatened to send his brother to M.B.'s house to deliver a letter to M.B.'s parents that read: "[Y]our son has also allowed a male into your home several times to perform oral sex onto [sic] him in order to keep bribing [Frazier] for money." Frazier kept sending threatening messages even after the FBI obtained M.B.'s phone. The FBI arrested Frazier on July 2, 2019, a grand jury returned an indictment, and Frazier has remained in custody since his arrest.

Following Frazier's arrest, the ensuing FBI investigation of Frazier's electronic devices revealed a pervasive pattern of sexually exploiting minors. Between December 2017 and July 2019, Frazier used his fake online persona to solicit and pay for sexual content from a total of seven minors, one as young as twelve. After he obtained child pornography, Frazier blackmailed his victims by threatening to expose the content if they did not continue to "work." One victim, C.T., told agents Frazier asked him to have sex with Frazier's "male cousin." When C.T. declined, an adult male showed up at C.T.'s house even though he never disclosed to Frazier where he lived. Frazier knew his victims were under the

age of 18 or in high school, telling one victim, "Yea u 16 n im 19, ion wanna go to jail for u." On top of exploiting seven minors, Frazier used his catfishing scheme to contact at least 130 people in total.

Frazier pleaded guilty to one count of coercion of a minor to engage in prostitution, one count of cyberstalking, and six counts of production of child pornography. The district court calculated an adjusted offense level of 36 for Frazier's multiple counts and reduced the offense level by three levels for Frazier's acceptance of responsibility and assistance to authorities. U.S.S.G. §§ 3D1.4(a)–(c), 3E1.1(a).

Important to this appeal, the district court then increased Frazier's offense level by ten levels. The district imposed five levels based on multiple counts of conviction that were equally serious in nature. *See* U.S.S.G. § 3D1.4. The district court imposed another five levels for engaging in a pattern of activity involving prohibited sexual conduct. *See* U.S.S.G. § 4B1.5(b)(1).

These enhancements gave Frazier an offense level of 43, yielding a Guideline sentence range of life. Frazier objected to the calculated offense level, alleging that the court erred by "double counting" when it imposed both the five-level enhancement under Section 3D1.4 and the five-level enhancement under Section 4B1.5(b). The district court overruled Frazier's offense level objection, maintaining both enhancements.

During sentencing, the government recommended twenty-eight years, acknowledging that Frazier had no previous criminal history. Frazier requested the statutory minimum sentence of fifteen years, arguing that his "offense conduct is a manifestation of" his mental health conditions. In support of Frazier's argument, he received two psychological evaluations while in custody and was diagnosed with anxiety, depression, and borderline personality disorder.

The district court thoughtfully considered the Section 3553(a) factors for sentencing. On the one hand, the court emphasized the seriousness of Frazier's crimes: "Looking at the 3553(a) factors, the nature and the circumstances of the offense, you planned this. . . . You terrorized these kids." On the other hand, the court acknowledged Frazier had no previous criminal history and considered the effect of Frazier's mental health diagnoses. The court posited, "How can [a] man . . . be like this? . . . The doctor's reports did give me some understanding of the situation . . . . But that doesn't explain everything." The court further considered "the kinds of sentences available" and "the need to avoid sentence disparity." In particular, the court discredited Frazier's proffered cases that sentenced defendants convicted of similar crimes to shorter confinement, finding Frazier's conduct was "much, much worse."

The district court then varied downward from the Guidelines, sentencing Frazier to twenty-four years' confinement. The court emphasized that it determined twenty-four years was a reasonable sentence based on its assessment of the Section 3553(a)

factors, the Sentencing Guidelines, the parties' memoranda and arguments, and the Presentence Investigation Report.

## II.

On appeal, Frazier first contends his sentence is procedurally unreasonable because the offense level double counted two sentencing enhancements based on the same harm. Frazier argues, second, that his sentence is substantively unreasonable because the district court failed to properly consider the Section 3553(a) factors. We consider each argument in turn.

### A.    *Procedural Reasonableness*

Frazier first contends that applying cumulative offense level enhancements under Section 4B1.5(b) and Section 3D1.4 constitutes impermissible "double counting." We disagree.

We review *de novo* the district court's legal interpretation of the Sentencing Guidelines, including its rejection of double counting challenges. *United States v. Cubero*, 754 F.3d 888, 892 (11th Cir. 2014). "Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (internal quotation omitted). "We presume that the Sentencing Commission intended separate guidelines to apply cumulatively," unless otherwise expressed. *Id.* at 1227. Indeed, the Guidelines

instruct, "[a]bsent an instruction to the contrary," Chapters 3 and 4 enhancements "are to be applied cumulatively" and "[i]n some cases, such enhancements . . . may be triggered by the same conduct." U.S.S.G. § 1B1.1, app. N.4(B).

Section 3D1.4 allows enhancements for multiple counts, *i.e.*, offenses involving multiple victims. *Id.* § 3D1.4. Conversely, Section 4B1.5 applies to "Repeat and Dangerous Sex Offender[s] Against Minors." *Id.* § 4B1.5. Section (b) recommends imposing a five-level increase to "the offense level determined under Chapters Two *and Three*" if the "defendant engaged in a pattern of activity involving prohibited sexual conduct" with a minor. *Id.* § 4B1.5(b)(1) (emphasis added).

Application of both enhancements is not impermissible double counting. First, the Guidelines plainly recommend imposing Chapter 4 enhancements cumulatively to Chapter 3 enhancements. *See id.* § 4B1.5(b)(1). Second, the harm resulting from Frazier's offenses involving multiple victims under Section 3D1.4 differs from the harm of committing a pattern of activity involving prohibited sexual conduct against a minor under Section 4B1.5(b)(1). *See Dudley*, 463 F.3d at 1227. This is true even though Frazier's pattern of prohibited sexual conduct with a minor and offenses against multiple victims involves overlapping conduct. U.S.S.G. § 1B1.1, app. N.4(B). Accordingly, the district court properly applied both enhancements.

### B.    *Substantive Reasonableness*

Second, Frazier argues that the district court imposed a substantively unreasonable sentence because it did not properly consider relevant Section 3553(a) factors: Frazier's personal history and characteristics, the nature and circumstances of the offense, and the need to avoid unwarranted sentencing disparities. This argument also fails.

We review the substantive reasonableness of a sentence under a "deferential abuse of discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). The factors the court weighs are set forth in 18 U.S.C. § 3553(a).

The district court must evaluate all the Section 3553(a) factors, but the weight given to each factor is within the court's sound discretion. *United States v. Ramirez-Gonzales*, 755 F.3d 1267, 1272 (11th Cir. 2014). The district court need not explicitly address "each of the [Section] 3553(a) factors or all of the mitigating evidence," but instead, the court's acknowledgment that it considered the Section 3553(a) factors and the parties' arguments is sufficient. *United States v. Taylor*, 997 F.3d 1348, 1354−55 (11th Cir. 2021). We also

ordinarily expect that a sentence within the guideline range is reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Frazier's sentence is substantively reasonable. The district court explicitly discussed the Section 3553(a) factors Frazier considers deficient. Namely, the court discussed Frazier's personal history (*e.g.*, his lack of criminal history), the nature and circumstances of Frazier's crimes (*e.g.*, the trauma that his crimes caused his victims), and the need to avoid sentencing disparities (*e.g.*, finding Frazier's conduct "much, much worse" than defendants found guilty of similar crimes). We note that we have upheld substantially longer sentences for comparable criminal conduct. *See United States v. Woodson*, 30 F.4th 1295, 1307 (11th Cir. 2022) (affirming 50-year sentence for coercing teens to provide pornographic images over social media); *United States v. Beatty*, 2022 WL 1719054, at *1 (11th Cir. May 27, 2022) (per curiam) (same); *United States v. Killen,* 773 F. App'x 567, 569 (11th Cir. 2019) (per curiam) (same).

The district court's thoughtful consideration of mitigating evidence, such as Frazier's mental health diagnoses, and acknowledgment that it relied on the Section 3553(a) factors bolsters the reasonableness of Frazier's sentence. *See Taylor*, 997 F.3d at 1354. The district court acted within its discretion in heavily weighing the seriousness of Frazier's offenses. *See Ramirez-Gonzales*, 755 F.3d at 1272. That Frazier's twenty-four-year sentence falls far below the Guideline range of Life is, itself, indicative of the sentence's reasonableness. *Hunt*, 526 F.3d at 746. Accordingly, the district

court did not abuse its discretion in imposing a twenty-four-year sentence.

### III.

We **AFFIRM** Frazier's conviction and sentence.