[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13140

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOAQUIN ELIAS PALMA-PADILLA,
a.k.a. Palma
a.k.a. Palmera
a.k.a. El de los Cocos
a.k.a. Jacob
a.k.a. Israel 26
a.k.a. lmdio,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:18-cr-20657-DPG-5

————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Joaquin Elias Palma-Padilla appeals his 120-month sentence, a downward variance from the guideline range of 135-168 months, for conspiracy to import more than 5 kilograms of cocaine into the United States.  He argues that his sentence is substantively unreasonable and that favorable mitigating factors warranted a further downward variance than that granted by the district court.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" of § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the

applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). "The district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence. Rather, [a]n acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *United States v. Taylor*, 997 F.3d 1348, 1354-55 (11th Cir. 2021) (quotation marks and citation omitted, alterations in original).

The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). We will not substitute our own judgment for that of the sentencing court and will sometimes affirm the district court even if we would have done something differently because the question is whether the district court's decision was "in the ballpark of permissible outcomes." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (quotation marks omitted). We will vacate a defendant's sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016) (quotation marks omitted).

The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

The weight given to any specific § 3553(a) factor is committed to the district court's sound discretion. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272-73 (11th Cir. 2014). In considering the § 3553(a) factors, the district court need not explicitly address each factor or all the mitigating evidence. *United States v. Taylor*, 997 F.3d 1348, 1354-55 (11th Cir. 2021). Instead, an acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.*

As we have previously recognized, a district court's careful consideration of the § 3553(a) factors is not unreasonable simply because the defendant disagrees with the court's assessment of those factors. *United States v. Valnor*, 451 F.3d 744, 752 (11th Cir. 2006). Moreover, while we do not apply a presumption of reasonableness to sentences within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Indeed, a district court's imposition of a sentence within the guideline range and well below the statutory maximum penalty indicates reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1309-10 (11th Cir. 2016).

Palma-Padilla's sentence is substantively reasonable. The district court did not abuse its discretion in weighing the nature and circumstances of the offense and his history and characteristics. The court conducted an individualized assessment, reviewed the presentence investigation report, considered the arguments raised at sentencing, and reasonably applied the sentencing factors under 18 U.S.C. § 3553(a). It was within the district court's discretion as to how much weight to assign a particular sentencing factor in view of Palma-Padilla's mitigation arguments. The court had discretion in weighing the sentencing factors and did not abuse its discretion by not varying its sentence further downward based on Palma-Padilla's personal circumstances. *See Ramirez-Gonzalez*, 755 F.3d at 1272-73. Moreover, it is noteworthy that the 120-month sentence here was a downward variance from the guideline range of 135-168 months and well below the statutory maximum of life, both of which are indicators that the sentence is substantively reasonable. *See Croteau*, 819 F.3d at 1310. Although the district court did not adopt Palma-Padilla's requested sentence, that does not compel the conclusion that it abused its discretion, nor does it suggest that the court imposed a substantively unreasonable sentence.

**AFFIRMED.**