[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10060

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAHEEM DASHEEN JACKSON,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:21-cr-00194-LGW-BWC-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Raheem Dasheen Jackson appeals his conviction for possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(l). He argues that the district court erred by denying his motion to suppress all evidence seized after his unlawful arrest. Jackson also argues that the government's evidence, viewed in the light most favorable to the verdict, was insufficient to support his conviction.

Jackson also appeals the calculation of his Guidelines offense level, under U.S.S.G. § 2K2.1(a)(1), based on the district court's finding that his Georgia convictions for terroristic threats and obstruction of law enforcement were crimes of violence, and thus could serve as predicate crimes to enhance the sentence for the instant felon-in-possession conviction. He argues that, because he pled guilty to both crimes under *Alford*,[1] he did not admit to the conduct in the indictments. Further, he argues that because the Georgia terroristic threats statute is a divisible statute, and because he entered an *Alford* plea, the court cannot rely on the *Shepard*[2] documents to determine which portions of the statute he was convicted under and must presume it was the least culpable offense, which is not a crime of violence.

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

[2] *Shepard v. United States*, 544 U.S. 13, 26 (2005).

I.

We review a district court's denial of a motion to suppress evidence under a mixed standard, reviewing the court's fact-finding for clear error and the application of the law to those facts *de novo*. *United States v. Smith*, 459 F.3d 1276, 1290 (11th Cir. 2006). The court's factual findings are construed in the light most favorable to the prevailing party. *Id.*

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. Under the exclusionary rule, evidence cannot be used against a defendant in a criminal trial where that evidence was obtained via an encounter with police that violated the Fourth Amendment. *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). However, "a warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Id.* Unprovoked flight may serve as the basis for a reasonable suspicion that the person fleeing is involved in criminal activity. *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000).

Here, the district court did not err by denying Jackson's suppression motion. The evidence showed that police had probable cause to arrest Jackson because the facts, known to police at the time of the arrest, establish that Jackson (1) was a passenger in a

vehicle stopped, in a high-crime area, for having improper tags; (2) fled after police stopped the vehicle; (3) did not comply with the officer's commands to stop; (4) discarded a liquor bottle; and (5) gripped his waistband in a manner that appeared as if he were concealing a weapon. *See Devenpeck*, 543 U.S. at 152; *see also Wardlow*, 528 U.S. at 124-25. Thus, probable cause existed for police to conclude that Jackson was engaged in criminal activity. *See Devenpeck*, 543 U.S. at 152.

## II.

We review *de novo* a challenge to the sufficiency of the evidence supporting a conviction and the denial of a Rule 29 motion for judgment of acquittal, viewing the evidence in the light most favorable to the verdict, and making all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Gamory*, 635 F.3d 480, 497 (11th Cir. 2011). We will uphold the denial of a Rule 29 motion unless no reasonable factfinder could have found proof of guilt beyond a reasonable doubt. *Id.*

We will not upset a jury's decision to credit a witness's testimony unless in the rare circumstance that the testimony is incredible as a matter of law. *United States v. Isaacson*, 752 F.3d 1291, 1304 (11th Cir. 2014). "Testimony is incredible as a matter of law only if it concerns facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (internal quotation marks omitted).

Under § 922(g)(1), it is a crime for anyone who "has been convicted in any court of, a crime punishable by imprisonment for

a term exceeding one year" to possess any firearm or ammunition, in or affecting commerce. 18 U.S.C. § 922(g)(1). To sustain a conviction under § 922(g)(1), the government must prove that: (1) the defendant was a felon; (2) the defendant knowingly possessed a firearm; and (3) the firearm affected or was in interstate commerce. *United States v. Funches*, 135 F.3d 1405, 1406-07 (11th Cir. 1998).

Here, Jackson only challenges whether sufficient evidence showed that he knowingly possessed a firearm. The government presented sufficient evidence for the jury to convict Jackson of possessing a firearm beyond a reasonable doubt. *See Gamory*, 635 F.3d at 497. At trial, Officers Contreras and Altomare testified that they witnessed Jackson flee from Raymond Green's car while gripping his waistband in a manner consistent with someone holding a gun. Officer Griffie also testified that he recovered a gun along Jackson's flight path and that he believed the gun had been "recently discarded." The evidence showed that the gun belonged to Jackson's cousin, Brittney Johnson, and she testified that she left it in the glove compartment of Green's car hours before Jackson was arrested. Finally, an ATF agent also testified that Jackson communicated with Johnson from jail via e-mail, and made jailhouse phone calls to another woman about the gun, instructing her to tell Johnson "not to report it stolen" and to "read between the lines about what that means." The agent also testified that 3 weeks after Jackson's arrest, law enforcement confirmed that the recovered gun belonged to Johnson.

Although Johnson had trouble remembering the precise details of the day that Jackson was arrested, the jury still found her testimony credible and the testimony of Raymond Green less than credible. This Court does not reweigh the credibility of a witness's testimony unless it pertains to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Isaacson*, 752 F.3d at 1304. Jackson's interactions with Johnson and Green were observable by her and did not violate the laws of nature. *See id.*

Therefore we conclude that the district court did not err when it denied the motion for acquittal.

## III.

We review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Diaz-Calderone*, 716 F.3d 1345, 1348 (11th Cir. 2013).

Under the Guidelines, the base offense level for an unlawful-firearm-possession offense is 26 if the offense involved a semiautomatic firearm that could accept a large capacity magazine and the defendant committed the instant offense after sustaining at least two felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 2K2.1(a)(1). A "crime of violence" is defined, in relevant part, as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1).

23-10060                Opinion of the Court                7

"An *Alford* plea is a guilty plea where the defendant maintains a claim of innocence to the underlying criminal conduct charged but admits that sufficient evidence exists to convict him of the offense." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1273 (11th Cir. 2014). Because the collateral consequences flowing from an *Alford* plea are the same as those flowing from an ordinary plea of guilty, a sentencing enhancement may be based on an *Alford* plea. *Id.* In *Ramirez-Gonzalez*, we held: "Under Georgia law, an *Alford* plea is 'a guilty plea and places the defendant in the same position as if there had been a trial and conviction by a jury.'" *Id.* (quoting *Morrell v. State*, 297 Ga.App. 592, 677 S.E.2d 771, 772 n. 3 (2009)).

In *United States v. Oliver*, 962 F.3d 1311, 1320 (11th Cir. 2020), we held that Georgia's terroristic-threats statute, § 16-11-37(a) (2010), was divisible, "contain[ing] a list of divisible elements in the form of alternative threats, each one of which constitutes a separate crime." And based on the indictment, we concluded that the defendant had been convicted "under the divisible portion of § 16-11-37(a) that criminalizes a threat[ ] to commit any crime of violence . . . with the purpose of terrorizing another." *Id.* We held that a conviction under this portion of § 16-11-37(a) had as an element the threatened use of physical force and therefore qualified as a violent felony under the ACCA. *See id.* at 1320–21.

Here, Jackson pled guilty under *Alford* to the violent crimes of making terroristic threats. Because the collateral consequences flowing from an *Alford* plea are the same as those flowing from an

ordinary plea of guilty, a sentencing enhancement may be based on an *Alford* plea. *Ramirez-Gonzalez*, 755 F.3d at 1273. Further, because we have held that the collateral consequences of an *Alford* plea are the same as those flowing from an ordinary guilty plea, we are permitted to look at the indictment when faced with a divisible statute, such as Georgia's terroristic threats statute. In the instant case, that document indicates that Jackson was charged (and convicted pursuant to the *Alford* guilty plea) under the same subsection as in *Oliver*. And, as noted, we held in Oliver that crime constituted a crime of violence. Accordingly, Jackson's argument is foreclosed by our prior precedent.[3]

---

[3] Jackson also pleaded guilty to felony obstruction of an officer three times, on two separate occasions. Jackson's only argument against the use (as predicate prior crimes) of these obstruction convictions is that our law regarding the use of Alford pleas is erroneous but this argument is unavailing, as noted above. Moreover, Jackson has arguably forfeited any challenge to the district court's reliance on the obstruction convictions. In his initial brief on appeal, his only challenge to reliance on the obstruction convictions is his *Alford* argument; he fails to argue that the obstruction statute that was violated encompassed not only crimes of violence but also nonviolent crimes; and he fails to address whether the obstruction statute was divisible or indivisible. *Smith as next friend of MS v. Crisp Reg'l Hosp., Inc.*, 985 F.3d 1306, 1309 (11th Cir. 2021)(issues not raised on appeal are deemed waived). Thus the obstruction convictions alone suffice to support the enhancement.

As an alternative holding (if the foregoing were not enough to affirm the judgment below), the district court stated that it would have imposed the same sentence, based upon the 18 U.S.C. § 3553 factors alone. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006) (holding any guidelines calculation error is harmless where the sentence would be reasonable even if the district

23-10060                Opinion of the Court                    9

**AFFIRMED.**

---

court's guideline calculation was erroneous).  Jackson never raised a challenge to this and thus any challenge to the sentence's reasonableness is waived.