[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12035

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

*versus*

RICKEY HERBERT DELANCEY, JR.,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20471-KMM-1

_____

Before WILSON, LUCK and ANDERSON, Circuit Judges.

PER CURIAM:

Rickey Delancey Jr. appeals his 9-month sentence imposed after revocation of his supervised release. Delancey argues that his sentence is substantively unreasonable because the court improperly questioned his expressions of remorse.

We review the reasonableness of a sentence for abuse of discretion, which includes both substantive and procedural reasonableness. *United States v. Williams,* 526 F.3d 1312, 1321-22 (11th Cir. 2008). The party challenging a sentence bears the burden of showing that the sentence is unreasonable. *Id.* at 1322. Although we do not automatically presume a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. We consider whether a sentence is substantively unreasonable under the totality

of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *Williams*, 526 F.3d at 1322. The district court is required to evaluate all of the § 3553(a) factors, but the weight given to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272-73 (11th Cir. 2014). The district court also does not have to give all of the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). However, a district court's unjustified reliance on any one § 3553(a) factors may be indicative of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

The factors the district court is to consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). While the district court should consider and properly calculate the advisory guidelines range, it is permitted to give greater weight to other 18 U.S.C. § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1259.

While a district court must consider the 18 U.S.C. § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United*

*States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006).  An acknowledgment by the district court that it has considered the 18 U.S.C. § 3553(a) factors is sufficient.  *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007).  Ultimately, the court must explain the sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision.  *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the court did not abuse its discretion because Delancey's 9-month sentence is substantively reasonable based on the totality of the circumstances because the court properly weighed the 18 U.S.C. § 3553(a) factors.  While the court did not specifically state that it considered the § 3553(a) factors, it did state in its decision that Delancey's six violations showed that he did not respect the law which is one of the § 3553(a) factors, which indicates that the court did consider the factors in its decision.  *Turner*, 474 F.3d at 1281.  The court also stated that it considered the parties' arguments and the violation report as well as Delancey's guidelines range in imposing its sentence.  The court did not consider any improper factors but weighed certain factors more heavily in its reasoning, which it was permitted to do.  *Irey*, 612 F.3d at 1189.  The court explained that it sentenced Delancey within his guidelines range because the court questioned Delancey's remorse due to his committing six violations of his supervised release immediately after his sentence for the underlying conviction and that Delancey made no effort to pay the special assessment or restitution which all showed that he did not have respect for the law.  The court also expressly stated that its finding regarding Delancey's

remorse was under the respect for the law factor of § 3553(a).  18 U.S.C. § 3553(a).  Further, the court sentenced Delancey within his guidelines range and thus his sentence is expected to be reasonable. *Hunt*, 526 F.3d at 746.  Therefore, the court's sentence is not substantively unreasonable.

**AFFIRMED.**