[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12285

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUSTIN CHARLES ARNOLD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:20-cr-00011-HL-TQL-1

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

Justin Charles Arnold appeals his 105-month sentence following his conviction for one count of possession of a firearm by a felon.  He raises two issues on appeal.  First, he contends that the District Court erred by failing to depart downward by two levels under U.S.S.G. § 5K2.0(a)(2)(B) for mitigating circumstances not otherwise taken into account by the guidelines, and by failing to explain why it would not do so.  Second, he asserts that his sentence is substantively unreasonable, and the Court should have varied downward from the applicable guideline range.  After careful review, we affirm the District Court's sentence.

## I.

On November 15, 2018, local law enforcement officers went to Arnold's residence to complete a probation compliance check.  During a search of Arnold's bedroom, officers discovered a Smith & Wesson 9mm semiautomatic handgun and ten rounds of 9mm ammunition. When asked if the gun was his, Arnold stated, "yes and no" and admitted to knowing the handgun was in the closet and that he was a convicted felon.  On March 10, 2020, a federal grand jury in the Middle District of Georgia indicted Arnold on one count of a possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 924(a).  After an initial plea of not guilty, Arnold pled guilty without the benefit of a plea agreement.

The presentence investigation report ("PSI") assigned Arnold a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because he had two prior felony convictions for crimes of violence. It added two levels under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was stolen and subtracted three levels for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b). This resulted in a total offense level of 23.

The PSR found that Arnold qualified for a criminal history category of VI based on 14 criminal history points. These included (1) two criminal history points for a 2009 conviction for carrying a concealed firearm; (2) three points for a 2010 conviction for aggravated assault; (3) three points for a 2012 conviction for aggravated assault/family violence; (4) two points for a 2018 conviction for simple battery/family violence; and (5) two points for a 2019 conviction for criminal damage to property.

Arnold's total offense level of 23 and criminal history category of VI resulted in a guideline imprisonment range of 92 to 115 months. Arnold did not object to the PSI prior to sentencing. He did, however, seek a downward variance and departure in a sentencing memorandum. He explained that he was the fourth youngest of six siblings and was raised without a father. He described how he had joined a gang at a young age and began abusing alcohol at the age of 17. He conceded that he had been in and out of "petty" trouble but argued that he had begun turning his life around when his mother died in 2020. He noted that he had

accepted responsibility for his behavior and had been a "model de-tainee" while incarcerated in pretrial detention.

Arnold also stated in his memorandum that he expected the government to move for, and the Court to grant, a two-point re-duction of his offense level under U.S.S.G § 5K2.0(a)(2)(B), alt-hough he did not say why he qualified for such a reduction.  Pur-suant to § 5K2.0(a)(2)(B), a departure may be warranted in the ex-ceptional case in which there are present circumstances that the Commission has not identified in the guidelines but are neverthe-less relevant in determining an appropriate sentence.

At sentencing, neither the Government nor Arnold made objections to the PSI.  Arnold made the same arguments he had made in his sentencing memorandum and also argued that the court should apply a two-level reduction under § 5K2.0(a)(2)(B), as that reduction had been offered to other defendants during the COVID-19 jury trial moratorium in an effort to decrease the case backlog.  Arnold admitted, however, that the Government would not formally make that motion in his case because he had not waived the right to appeal.  Arnold argued that to deny him the reduction would amount to disparate treatment.

The Government argued that Arnold had a "deplorable" criminal history score and criminal history category, and that a two-level reduction under § 5K2.0(a)(2)(B) was inapplicable be-cause Arnold did not waive his right to appeal.  The Government also noted that after his indictment in this case, Arnold had thrown a brick through a McDonald's restaurant window because he was

angry with his girlfriend.  The Government asserted that a within-guideline range sentence was appropriate.

In announcing Arnold's sentence, the District Court stated:

I will say initially, Mr. Arnold, that your prior record is very concerning to the Court. The presentence report has been prepared, filed, considered, and accepted, and you are adjudicated guilty of the one-count indictment. The advisory sentencing range is 92 to 115 months considering an offense level of 23 and a criminal history category of VI. The Court has considered the advisory sentencing range and the sentencing factors found at 18 U.S.C. § 3553(a) and has made an individualized assessment based on the facts presented.

The District Court sentenced Arnold to 105 months' imprisonment and three years of supervised release.  The Court did not expressly address Arnold's request for a downward departure or a downward variance.  The Court then asked if either party had any objections.  Arnold objected only to the substantive reasonableness of the sentence and did not ask the court to provide an explanation for its refusal to award a downward departure or variance.  Arnold now appeals.

## II.

### *A.*

Arnold first argues that the District Court abused its discretion when it failed to depart downward under U.S.S.G. §

5K2.0(a)(2)(B). Arnold further argues that the District Court committed procedural error when it did not discuss why it would not grant his request for the Covid-19 two-level reduction.

In *United States v. Pressley*, 345 F.3d 1205, 1209 (11th Cir. 2003), we explained that:

> Review of sentencing guidelines departure decisions is governed by different rules depending on whether the district court has chosen to depart or not to depart. We may not review at all the district court's discretionary decision not to depart from the guidelines' sentence, but we review de novo the question of whether the district court erroneously believed it lacked authority to depart. *United States v. Mignott*, 184 F.3d 1288, 1290 (11th Cir. 1999) (per curiam). Not only do we examine whether the district court in fact believed it lacked authority to depart, but we also review whether, if the district court held such a belief, it was based on legal error.

While we have stated that "it would facilitate review if sentencing judges would state on the record that they believe they have or do not have the authority to depart," such a statement is not required. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Moreover, when nothing in the record indicates otherwise, we assume that the district court understood it had the authority to depart. *Id*.

Here, Arnold has abandoned any claim that the District Court incorrectly believed it did not have the power to depart by

not presenting it in his briefing on appeal. *Sapuppo v. Allstate Floridan Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014). Moreover, because nothing in the record indicates that the District Court did not believe it had the power to depart, we decline to review Arnold's claim to the extent that he requests review of the District Court's discretionary decision not to depart. *Dudley*, 463 F.3d at 1228.

With respect to Arnold's claim of procedural error, we note that Arnold did not object below to the District Court's failure to explain the reasons for denying his departure request. As such, we review his procedural claim only for plain error. *United States v. Henderson*, 409 F.3d 1293, 1307 (11th Cir. 2005). Under plain error review, we may correct an error where the defendant demonstrates (1) an error occurred; (2) the error was plain; and (3) the error affected the defendant's substantial rights. *Rosales-Mireles v. United States*, 128 S. Ct. 1897, 1904–05, 1908–09 (2018). An error is plain if it is clearly contrary to settled law at the time of sentencing or at the time of appellate consideration. *United States v. Shelton*, 400 F.3d 1325, 1330–31 (11th Cir. 2005). A plain error affects substantial rights if it was prejudicial, meaning that the error "actually made a difference" in the defendant's sentence. *Shelton*, 400 F.3d at 1332 (quotation marks omitted). If an appellate court has to speculate about whether the result would have been different, the defendant has not met the burden to show that substantial rights have been affected. *United States v. Rodriguez*, 406 F.3d 1261, 1275 (11th Cir. 2005).

Although the District Court may have erred in failing to provide an explanation for its denial of Arnold's request for a departure,[1] Arnold has not shown that any error in this regard affected his substantial rights. To find error, we would have to speculate that, by giving a more detailed explanation of its reasons for not departing, the District Court would have either incorrectly concluded it lacked power to depart—making its decision reviewable in this Court—or would have chosen to depart—giving Arnold a lesser sentence. In other words, we would have to engage in pure speculation to find that the District Court's error affected his substantial rights. As a result, Arnold has not met his burden in showing that his substantial rights have been affected.

*B.*

Arnold also argues that his sentence is substantively unreasonable. He argues that the District Court, through its failure to

---

[1] A procedural error can include "failing to adequately explain the chosen sentence." *United States v. Trailer*, 827 F.3d 933, 935–36 (11th Cir. 2016). When explaining a sentence, the district court need not provide a lengthy explanation but must "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). If a party presents a nonfrivolous argument for a sentence outside the guideline range, the court should explain why it has rejected the argument, although the length of the explanation depends on the circumstances. *Id.* at 357, 127 S. Ct. at 2458. Here, although the District Court was not required to discuss, at length, Arnold's departure-related arguments, it did not address any of them and did not assure him that it had reviewed his arguments before imposing a sentence.

grant a two-level reduction under § 5K2.0(a)(2)(B), created "unwarranted sentencing disparities" within the Middle District of Georgia.  Arnold also takes issue with the District Court's strong weighting of his prior criminal history, alleging that it amounted to an unreasonable reliance on one § 3553(a) factor.  We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).

Section 3553(a) requires that the district court "shall impose a sentence sufficient, but not greater than necessary," to accomplish multiple goals, including to: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; and protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a), (2)(A)-(C).  The district court is required to evaluate all the § 3553(a) factors, but the weight accorded to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73 (11th Cir. 2014).

Here, the District Court did not abuse its discretion.  While Arnold argues he received a disparate sentence compared to other defendants, there is nothing in the record that could establish any specific sentence disparities.  Moreover, Arnold's sentence is within the applicable guideline range and well below the statutory maximum penalty, indicating reasonableness. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008); *United States v. Croteau*, 819

F.3d 1239, 1310.  The District Court was also within its broad discretion to give substantial weight to Arnold's lengthy criminal history.  *Rosales-Bruno*, 789 F.3d at 1261 (11th Cir. 2016).  Therefore, even if we might have reached a different outcome, we will not disturb the district court's total sentence, which was within "the ballpark of permissible outcomes."  *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted).

## IV.

For the foregoing reasons, the District Court's sentence is

**AFFIRMED**.