[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11652

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RIGOBERTO MARTINEZ-FLORES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80182-AMC-1

_____

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Rigoberto Martinez-Flores appeals his total sentence of 24 months' imprisonment with three years of supervised release for illegal entry into the United States after deportation. Martinez-Flores argues that his above-guidelines sentence was procedurally erroneous and substantively unreasonable. He argues that the district court procedurally erred by not adequately explaining its sentence and by failing to properly consider the 18 U.S.C. § 3553(a) factors. He also argues that his sentence is substantively unreasonable because the court focused only on deterrence and ignored other relevant sentencing factors.[1]

The Supreme Court has instructed that an appellate court reviewing a sentence must first ensure that there are no procedural errors and then consider the sentence's substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). We will therefore

---

[1] We review the reasonableness of a sentence for abuse of discretion, which includes checking for both procedural error and substantive reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321–22 (11th Cir. 2008). The party challenging a sentence bears the burden of showing that the sentence is unreasonable. *Id*. at 1322. Where a defendant challenges a sentence on procedural grounds based on the adequacy of the district court's explanation, we review de novo, even in the absence of a timely objection at sentencing. *See United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023); 18 U.S.C. § 3553(c)(2).

address Martinez-Flores's arguments in that order.  For the reasons that follow, we affirm the district court's sentence.

## I

To determine whether a district court committed a procedural error in sentencing a defendant, this Court asks, as relevant here, if the district court "fail[ed] to consider the § 3553(a) factors, . . . or fail[ed] to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range."  *Id.* Martinez-Flores argues that the district court erred in both respects.  We disagree.

While a district court must "set forth enough" explanation in its sentencing decision "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), the explanation doesn't need to be a specific "length and amount of detail."  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010).  Furthermore, the district court doesn't need to state that it has explicitly considered each § 3553(a) factor individually.  *United States v. Ortez-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006).

Here, the district court did not commit procedural error because it adequately explained its upward variance and application of the 18 U.S.C. § 3553(a) factors.  To start, the district court articulated that it had carefully considered the record "and the statutory factors set forth in 3553(a)."  The district court also stated that it "considered the statements of all parties" and found that "a

guideline sentence [was] insufficient in this case." Finally, the district court noted that Martinez-Flores's immigration history (including a prior conviction for illegal reentry that resulted in a 15-month sentence), his criminal history, and the apparent lack of deterrence provided "ample basis" to vary upward. These explanations are sufficient to allow this Court to "engage in the meaningful review envisioned by the Sentencing Guidelines." *United States v. Parks*, 823 F.3d 990, 997 (11th Cir. 2016) (citation omitted). We hold, therefore, that there was no procedural error.

## II

On substantive-reasonableness review, we may vacate the sentence only if we are left with the "definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (citation omitted). A district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *Id.* at 1189 (quotation marks and citation omitted). We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *Williams*, 526 F.3d at 1322. While the district court is required to evaluate all the § 3553(a) factors, the weight it gives to each factor is within its discretion. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272–73

23-11652                Opinion of the Court                5

(11th Cir. 2014). The district court has discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). Unjustified reliance on any one of the § 3553(a) factors may be indicative of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). But imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

The factors the district court must consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). While the district court should consider and properly calculate the advisory guidelines range, it is permitted to give greater weight to other § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1259. The district court may also "consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) (citation omitted).

While a district court must consider the § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *Ortiz-Delgado*, 451

F.3d at 758. An acknowledgment by the district court that it has considered the § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A court selecting a sentence outside the guidelines must have a justification "sufficiently compelling to support the degree of variation." *Gall*, 552 U.S. at 50. The justification for a variance must also be adequately explained to "allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* In general, the further a sentence falls outside the guideline range, the more compelling the court's explanation must be. *Id.* Ultimately, the court must explain the sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision. *Rita*, 551 U.S. at 356.

The district court's sentence here is substantively reasonable because it properly weighed the § 3553(a) factors when it found that Martinez-Flores should receive an upward variance due to his prior deportations and conviction for illegal entry as well as his criminal history. As noted above, the district court stated that, in determining the appropriate sentence, it considered the § 3553(a) factors. Further proof of the district court's consideration is its discussion of Martinez-Flores's immigration and criminal history. That discussion evidences the district court's consideration of the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Martinez-Flores's contention that the district court "focused solely on deterrence" is without merit. And though he argues that the district court didn't consider sentence disparity, our case law indicates that

23-11652               Opinion of the Court                    7

the district court didn't have to state specifically that it considered that factor so long as it stated that it considered all the factors. As already explained, the district court did so. And even if it weighed the deterrence factor more heavily, we cannot say that it abused its discretion in doing so.[2] Finally, the fact that Martinez-Flores's 24-month sentence is substantially lower than the statutory maximum sentence of 10 years is evidence of reasonableness. *See* 8 U.S.C. §§ 1326(a), (b)(1). Under the totality of the circumstances, we hold that the sentence is substantively reasonable.

Because there was no procedural error in the district court's sentencing of Martinez-Flores, and because the sentence is substantively reasonable, we **AFFIRM** the district court's sentence.

**AFFIRMED.**

---

[2] It is unsurprising that a district court would consider deterrence more heavily here, given (1) that Martinez-Flores had been removed on four previous occasions and (2) that a 15-month prison sentence imposed as part of one of those removals seemed not to have deterred him from reentering illegally.