[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11363

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TREVOR GLEN LANG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cr-00156-WWB-LHP-1

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Trevor Glen Lang appeals his total sentence of 360 months' imprisonment with 30 years of supervised release for receipt of child pornography.  Lang argues that the district court procedurally erred when it did not adequately explain why it imposed a 33-month upward variance.  Lang also argues that his sentence is substantively unreasonable because the court erred in its weighing of his criminal history in its sentence.  Additionally, Lang argues that the court violated his right to due process when it stated at his sentencing hearing that he must comply with the standard conditions of supervised release but only specified those standards in its written judgment.

**I.**

We review the reasonableness of a sentence for abuse of discretion, which includes both substantive and procedural reasonableness.  *United States v. Williams,* 526 F.3d 1312, 1321-22 (11th Cir. 2008).  The party challenging a sentence bears the burden of showing that the sentence is unreasonable.  *Id.* at 1322.  Where a defendant challenges a sentence as procedurally unreasonable based on the adequacy of the district court's explanation, we review *de novo*,[1]

---

[1] Although there was a knowing and voluntary sentence appeal waiver, this claim falls under an exception because the 360-month sentence was above the Guideline range.

even in the absence of a timely objection at sentencing. *United States v. Oudomsine*, 57 F.4th 1262, 1265 (11th Cir. 2023).

While a district court must consider the 18 U.S.C. § 3553(a) factors in determining a sentence, it is not required to state in its explanation that it has evaluated each factor individually. *United States v. Ortiz-Delgado*, 451 F.3d 752, 758 (11th Cir. 2006). An acknowledgment by the district court that it has considered the 18 U.S.C. § 3553(a) factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A court selecting a sentence outside the guidelines must have a justification "sufficiently compelling to support the degree of the variance." *Gall v. United States*, 552 U.S. 38, 50 (2007). The justification for a variance must also be adequately explained to "allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* In general, the further a sentence falls outside the guideline range, the more compelling the court's explanation must be. *Id.* at 47, 50. Ultimately, the court must explain the sentence with enough detail to satisfy the appellate court that it has considered the arguments of the parties and has a reasoned basis for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007).

On substantive reasonableness review, we may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the 18 U.S.C. § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*). A district court abuses its

discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Id.* at 1189. We consider whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors. *Williams*, 526 F.3d at 1322. The district court is required to evaluate all of the § 3553(a) factors, but the weight given to each factor is within the sound discretion of the district court. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272-73 (11th Cir. 2014). The district court also does not have to give all of the factors equal weight and is given discretion to attach great weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court's imposition of a sentence well below the statutory maximum penalty is an indicator of reasonableness. *United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016).

The factors the district court is to consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense as well as to afford specific and general deterrence; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a). While the district court should consider and properly calculate the advisory guidelines range, it is permitted to give

greater weight to other 18 U.S.C. § 3553(a) factors. *Rosales-Bruno*, 789 F.3d at 1259.   The district court may also "consider facts that were taken into account when formulating the guideline range for the sake of a variance." *United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014).

One of the purposes of the Guidelines is to provide certainty and fairness in sentencing, "avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quotation marks omitted). Although we have never stated what the defendant's burden is in these contexts, we have stated that the district court is required to avoid the unwarranted disparities between similarly situated defendants, indicating that the court should be aware of any potential for this issue at sentencing. *See id.* at 1101-02.

Here, Lang's sentence is not procedurally unreasonable because the court adequately explained the sentence imposed. The court explicitly stated, in its sentencing, that it considered the 18 U.S.C. § 3553(a) factors, the PSI, the parties' arguments, and written filings. This is sufficient to demonstrate that it did consider all those items. *Turner*, 474 F.3d at 1281.   In explaining the sentence and the 33-month upward variance, the court found that Lang's previous imprisonment had not deterred him from continuing his criminal behavior and demonstrated that he did not respect the law. The court noted that Lang was previously convicted for similar conduct (including not only viewing child pornography but

acting on those urges, including oral sex with an 8-year-old boy) and that his four-year sentence for those offenses did not deter him from reoffending.  The court also clearly stated that Lang's case was not an easy case because of his mitigating factors such as his mother's abuse but found that those factors did not outweigh the harm caused and the court's need to protect children from Lang. The court recognized the Guideline range (262 – 327 months), posed the question of what was an adequate sentence to protect the public, and carefully considered all of the circumstances.  The court concluded that the top end of the Guideline range was not sufficient, but rather that some upward variance was warranted. This explanation is sufficiently compelling and provides enough detail that to show that the court considered Lang's mitigating evidence and arguments, and to show that the court sufficiently explained the sentence and the upward variance.  *Gall*, 552 U.S. at 50; *Rita*, 551 U.S. at 356.  We note that the court varied upward 33 months (or 10%).  We cannot conclude that the district court erred with respect to its explanation for the sentence and the variance.

Additionally, Lang's sentence is not substantively unreasonable because, based on the totality of the circumstances, the court properly weighed all 18 U.S.C. § 3553(a) factors.  *Williams*, 526 F.3d at 1322; *Ramirez Gonzalez*, 755 F.3d at 1272 73.   The court is allowed to consider Lang's previous convictions for ten counts of possession of child pornography and lewd and lascivious molestations of an eight-year-old boy even though they were considered in his guidelines as reasoning for the upward variance.  *Dougherty*, 754 F.3d at 1362.  The court properly found that Lang's history made

him a danger to the public because he committed this offense while he was on probation for a similar offense and that he had a history of acting on his urges. Additionally, while Lang cites to cases from this Court where defendants received lower or higher sentences than he did, he did not point to any similarly situated defendant who received a guidelines or below guidelines sentence. *Docampo*, 573 F.3d 1091, 1101. Finally, the maximum statutory sentence is 40 years and Lang received 30 years, which is 10 years below the statutory maximum, which is a factor indicating that the sentence was reasonable. *Croteau*, 819 F.3d at 1310. We cannot conclude that the district court abused its discretion with respect to substantive reasonableness.

## II.

We review the validity of a sentence appeal waiver *de novo*. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). We generally review the terms of supervised release for abuse of discretion. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). However, when a defendant fails to object to the conditions of his supervised release at sentencing, we will review his argument for plain error. *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023). To prevail under plain error review, the defendant must show: (1) there was an error (amounting to an abuse of discretion); (2) that was plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness of the judicial proceedings. *United States v. Oudomsine*, 57 F.4th 1262, 1264 (11th Cir. 2023).

A sentence appeal waiver will be enforced if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993). A sentence appeal waiver "is not an absolute bar to appellate review" and review may be available, despite a valid appeal waiver, when the defendant was "sentenced entirely at the whim of the district court," above the statutory maximum, or based on a constitutionally impermissible factor. *Johnson*, 541 F.3d at 1068 (quotation marks omitted). An enforceable sentence appeal waiver bars challenges to conditions of supervised release. *United States v. Cordero*, 7 F.4th 1058, 1067 n.10 (11th Cir. 2021).

A district court must pronounce at the defendant's sentencing hearing any discretionary conditions of supervised release, which is any condition of supervised release other than the mandatory conditions in 18 U.S.C. § 3583(d). *United States v. Rodriguez*, 75 F.4th 1231, 1246 (11th Cir. 2023). We held that a district court violated the defendant's right to due process by failing to orally pronounce discretionary conditions of supervised release at sentencing that were included in the written judgment. *Id*. at 1246-50. A district court's imposition of discretionary conditions of supervised release without announcing them at the sentencing hearing violates a defendant's due process right to notice and an opportunity to object to the conditions. *Id*. at 1246-49.

Here, the appeal waiver bars Lang's claim that the court denied him due process when the court did not list out at his sentencing the "standard conditions" it was imposing during his supervised release. Lang's appeal waiver explicitly has three exceptions to

which he may appeal, and this claim does not fit within those exceptions.

Even if Lang's claim were not barred, his claim fails because the court did not plainly err when at sentencing it told Lang that it imposed "the mandatory and standard conditions adopted by the court in the Middle District of Florida." His claim is reviewed for plain error because he did not object to his conditions of his supervised release at his sentencing hearing. *Rodriguez*, 75 F.4th at 1246 n.5. Lang had notice that the court was imposing the standard conditions and had the opportunity to object at his sentencing to question what those standards were. *Id.* at 1246-49. Moreover, the standard conditions that the district court imposed here came directly from USSG §5D1.3(c)—a "written list detailing those conditions"—which courts in that district routinely adopt at sentencing. Thus, any error would not have been plain, because neither *Rodriguez* nor any other precedent of this Court directly invalidates the district court's approach at sentencing. *Id.* at 1241 ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it.").

**AFFIRMED.**