[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13174

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEFERIO VARNER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00491-ECM-JTA-3

————————————————

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Deferio Varner appeals his conviction and 180-month total sentence for 1 count of conspiracy to distribute and possess with intent to distribute methamphetamine. On appeal, Varner contends that his sentence is substantively unreasonable. Varner also argues that his original retained counsel failed to provide efficient and competent counsel to him.

I.

When reviewing for reasonableness, we must first ensure that the district court committed no significant procedural error, such as failing to calculate the guideline range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting the sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including any deviation from the guideline range. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing a sentence for substantive reasonableness, we apply a deferential abuse-of-discretion standard. *Id*. Under the abuse-of-discretion standard, we will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

23-13174                Opinion of the Court                3

We look to whether a sentence is substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Id.* at 1189-90. A court imposes a substantively unreasonable sentence only when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment in balancing the proper factors. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). Further, while a district court must evaluate all the of § 3553(a) factors, the weight accorded to each factor is within its sound discretion. *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272-73 (11th Cir. 2014). The reasonableness of a sentence may be indicated when the sentence imposed is well below the statutory maximum sentence. *United States v. Gonzales*, 550 F.3d 1319, 1324 (11th Cir. 2008). While we do not presume that a within-guideline range sentence is reasonable, we generally expect it to be so. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Finally, an appeals court may not apply a heightened standard of review to sentences outside the guideline range. *Peugh v. United States*, 569 U.S. 530, 537 (2013).

The § 3553(a) factors that the district court must consider include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in

the most effective manner; the kinds of sentences available; the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; any pertinent policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(3), (a)(4)(a), (a)(5)-(7). Although the district court is required to consider the § 3553(a) factors, it is not required to state on the record that is has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors, and instead should set forth enough information to satisfy the reviewing court of the fact that it has considered the parties' arguments and has a reasoned basis for making its decision. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013).

Here, the district court did not abuse its discretion in sentencing Varner to a total 180 month sentence, as this sentence is substantively reasonable. *Gall*, 552 U.S. at 51. The district court evaluated all of the § 3553(a) factors, and ultimately imposed a sentence that was below the adjusted guideline range. Finally, while the district court did specifically note Varner's criminal history involving drug distribution, as well as the seriousness of the instant offense, it was within the court's discretion to weigh these factors more than the others. *Ramirez Gonzalez*, 755 F.3d at 1272 73. Finally, to the extent that Varner raises vague arguments that his original retained counsel acted in contrast to his best interests, Varner offers no specific support for this argument, nor does he articulate

how it is related to the substantive reasonableness of his sentence. Therefore, this argument is meritless.

## II.

Whether a criminal defendant's trial counsel was ineffective is a mixed question of law and fact, subject to *de novo* review. *Nixon v. Newsome*, 888 F.2d 112, 115 (11th Cir. 1989) (applying this standard of review in a 28 U.S.C. § 2254 habeas corpus proceeding). However, we will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop the factual record. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). If the record is sufficiently developed, however, we will consider an ineffective-assistance-of-counsel claim on direct appeal. *Id.* "The preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (quotation omitted). Thus, claims of ineffective assistance of counsel almost always are raised in collateral attacks on the criminal proceeding. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal"). The U.S. Supreme Court has reasoned that, "[w]hen an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or

preserving the claim and thus often incomplete or inadequate for this purpose." *Id.* at 504-05.

For claims of ineffective assistance of counsel, a petitioner must demonstrate both that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) the petitioner was prejudiced by the deficient performance, i.e., there was a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984). To show deficient performance, the defendant "must establish that no competent counsel would have taken the action that his counsel did take." *United States v. Freixas*, 332 F.3d 1314, 1320 (11th Cir. 2003) (quotation marks omitted).

Here, we have been clear that ineffective-assistance-of-counsel claims are best decided on a § 2255 motion, and, moreover the record here is "incomplete or inadequate" for the purpose of deciding any ineffective-assistance claim, because the district court did not entertain this claim or develop the factual record as to it. Therefore, we decline to consider Varner's ineffective assistance argument on direct appeal.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**