**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-12255

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

CARLOS RAFAEL TELLO CEDENO,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:16-cr-00518-WFJ-TGW-1

_____

Before JILL PRYOR, BRANCH, and HULL, Circuit Judges.

PER CURIAM:

Defendant Carlos Rafael Tello Cedeno appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Particularly, Cedeno contends the district court abused

its discretion when it denied his motion based on its consideration of the 18 U.S.C. § 3553(a) sentencing factors. After careful review, we affirm.

## I.  BACKGROUND

### A.    Offense Conduct

On November 21, 2016, a United States Coast Guard ("Coast Guard") patrol aircraft detected two suspicious vessels within the international waters of the Eastern Pacific Ocean. The Coast Guard diverted one of its nearby ships, the USCGC *Mellon*, in an effort to initiate a right-of-visit boarding. A helicopter was launched from the USCGC *Mellon* to pursue the suspicious vessels.

Defendant Cedeno served as the master of one of the vessels—a go-fast boat called the *El Chespi*. During the pursuit, Coast Guard personnel in the helicopter observed crew members of the *El Chespi* jettisoning bales of suspected narcotics overboard. Additional packages and fuel containers remained on the deck of the *El Chespi*.

The Coast Guard helicopter disabled the *El Chespi* with gunfire. Coast Guard personnel boarded the boat and arrested its three crew members, including defendant Cedeno. The Coast Guard later recovered forty bales of cocaine weighing 787.6 kilograms, all of which had been thrown overboard by crew members of the *El Chespi*.

### B.　　Conviction and Sentence

Following capture aboard the *El Chespi*, defendant Cedeno and other defendants were indicted in the Middle District of Florida on two counts of violating 46 U.S.C. § 70503, which outlaws certain conduct aboard "vessel[s] subject to the jurisdiction of the United States." 46 U.S.C. § 70503(a), (e)(1). Count One charged Cedeno and his co-defendants with conspiring to distribute and possess with intent to distribute five or more kilograms of a substance containing cocaine. Count Two charged Cedeno and his co-defendants with the underlying substantive count of possessing with intent to distribute that cocaine.

Pursuant to a plea agreement, Cedeno pled guilty to Count One of the indictment. Therein, the government agreed to seek dismissal of Count Two of the indictment.

At Cedeno's August 2017 sentencing, the district court adopted the Presentence Investigation Report's factual statements and advisory guideline calculations without objection. The district court calculated Cedeno's total offense level to be 35, consisting of: (1) a base offense level of 38 because the offense involved 787.6 kilograms of cocaine, pursuant to U.S.S.G. § 2D1.1(c)(1) (2016); (2) a two-level decrease because Cedeno qualified for safety-valve relief under U.S.S.G. § 5C1.2 (2016); (3) a two-level increase because Cedeno acted as the pilot, captain, or navigator of a vessel carrying a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(3)(C) (2016); (4) a two-level decrease for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) (2016); and (5) an

additional one-level decrease for Cedeno timely notifying the government of his intent to plead guilty, pursuant to U.S.S.G. § 3E1.1(b) (2016).

Because Cedeno had no criminal convictions, the district court assigned him a criminal history score of zero and a criminal history category of I. A total offense level of 35 and criminal history category of I yielded an advisory guidelines range of 168 to 210 months of imprisonment.

After denying Cedeno's request for a downward variance, the district court sentenced Cedeno to 168 months of imprisonment. Pursuant to the parties' plea agreement, the district court dismissed Count Two of the indictment.

In pronouncing Cedeno's sentence in 2017, the district court agreed with the prosecutor that he could not remember ever having a case involving 750 kilograms—over ¾ tons—of cocaine. The district court also agreed that Cedeno's entrustment with such a large quantity of drugs and his lengthy proffer describing the drug distribution network showed Cedeno's continued and extensive involvement in the illegal drug trade. Lastly, the district court thought the 168-month sentence was justified to deter efforts to import "poison" that furthered the drug epidemic.

## C.    Amendment 821 in 2023

On November 1, 2023, Amendment 821 to the sentencing guidelines became effective. *See* U.S.S.G. supp. app. C, amend. 821

(2023).[1] As relevant here, Amendment 821 added U.S.S.G. § 4C1.1 to the sentencing guidelines. Entitled "Adjustment for Certain Zero-Point Offenders." Section 4C1.1 requires that the defendant's offense level be decreased by two levels if the defendant (1) "did not receive any criminal history points"; and (2) meets ten other criteria enumerated in § 4C1.1(a). U.S.S.G. § 4C1.1(a)(1)-(11). Amendment 825 made § 4C1.1's zero-point offender reduction retroactively applicable under § 1B1.10(d). *See* U.S.S.G. supp. app. C, amend. 825 (2023).

### D.     Probation Memorandum and 18 U.S.C. § 3582(c)(2) Motion in 2025

In April 2025, pursuant to the Middle of District of Florida's adopted procedure for implementing Amendment 821, a probation officer issued a memorandum indicating that Cedeno was retroactively eligible for a zero-point offender reduction. With § 4C1.1's two-level reduction, Cedeno's total offense level would be 33, and his new advisory guidelines range would be 135 to 168 months of imprisonment.

In May 2025, Cedeno, through a court-appointed federal defender, filed an unopposed 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Cedeno's motion argued probation's

---

[1] While Amendment 821 went into effect in November 2023, Amendment 825 provided that the courts "shall not order a reduced term of imprisonment based on . . . Part B, Subpart 1 of Amendment 821 unless the effective date of the . . . order is February 1, 2024, or later." *See* U.S.S.G. supp. app. C, amend. 825 (2023); U.S.S.G. § 1B1.10(e)(2).

memorandum correctly found him eligible for a sentence reduction due to Amendment 821 and § 4C1.1. Cedeno asked the district court to "apply the same reasoning it did when it sentenced [him] to the low-end of his original guideline range to resentence him to the low-end 135 months of his amended guideline range." As to the 18 U.S.C. § 3553(a) factors, Cedeno highlighted: (1) his difficult, impoverished childhood; (2) his pre-arrest role as sole provider for his family; and (3) his "spotless disciplinary record" and participation in educational programming while incarcerated.

The district court denied Cedeno's § 3582(c)(2) motion. The district court considered the sentencing factors in 18 U.S.C. § 3553(a) and found "the factors militate against a reduction." The district court succinctly highlighted pertinent aspects of Cedeno's offense conduct, writing: "The defendants in this large marine smuggling venture obstructed the investigation by jettisoning contraband before the Coast Guard was forced to fire upon their boat to disable and stop it. Almost a ton of cocaine was recovered, despite this dangerous obstruction." Lastly, the district court noted that Cedeno was subject to an ICE detainer and would likely be deported upon his release.

Cedeno timely appealed.

## II.  STANDARD OF REVIEW

We review the district court's decision to deny an eligible defendant's § 3582(c)(2) motion for a sentence reduction for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "An abuse of discretion occurs if in deciding the

issue 'the district court applies an incorrect legal standard or makes findings of fact that are clearly erroneous.'" *United States v. Turner*, 61 F.4th 866, 889 n.73 (11th Cir. 2023) (quoting *United States v. Wilk*, 572 F.3d 1229, 1234 (11th Cir. 2009)).

## III.  DISCUSSION

On appeal, Cedeno argues the district court abused its discretion in denying his § 3582(c)(2) motion by (1) basing its decision on a clearly erroneous finding that Cedeno engaged in "dangerous obstruction"; and (2) improperly weighing the § 3553(a) sentencing factors. We disagree.

Section 3582(c)(2) provides that a district court may reduce a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a district court must determine "'the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). A district court must substitute only the amended guideline and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1); *Dillon*, 560 U.S. at 827. Second, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part

under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.[2]

Here, the district court accepted, and Cedeno does not challenge, the probation officer's recalculation of Cedeno's advisory guidelines range from the original 168 months to 210 months of imprisonment to the new range of 135 months to 168 months of imprisonment. Cedeno's arguments on appeal relate only to the second step of the § 3582(c)(2) inquiry, but as we explain below, the district court did not abuse its discretion in denying a sentence reduction based on the § 3553(a) factors.

## A.    Consideration of "Dangerous Obstruction"

The district court here described Cedeno's act of jettisoning cocaine bales before his capture as "dangerous obstruction." The undisputed facts support the district court's description since Cedeno (1) fled from Coast Guard pursuit in his go-fast boat; (2) forced the Coast Guard to use disabling gunfire to stop the boat; and (3) jettisoned cocaine bales into the ocean, forcing the Coast

---

[2] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed education or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the sentencing commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Guard to recover the bales. We easily conclude the district court did not make a "clearly erroneous" factual finding. *See United States v. Marks*, 156 F.4th 1169, 1181 (11th Cir. 2025) ("A finding of fact is 'clearly erroneous only when [we] are left with a definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Hogan*, 986 F.2d 1364, 1372 (11th Cir. 1993))).

Nor did the district court, as Cedeno puts it, "violate[] the spirit" of the policy statement for § 3582(c)(2) reductions by finding he engaged in dangerous obstruction despite Cedeno not having originally received an enhancement for obstruction under U.S.S.G. § 3C1.1.[3] As stated above, a district court modifying a sentence based on a retroactive amendment to the guidelines must substitute only the amended guideline and "leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Cedeno concedes the district court "technically" complied with this requirement and did not apply an obstruction enhancement. Instead, the district court accepted the probation officer's calculation that Cedeno's new advisory guideline range was 135 to 168 months of imprisonment.

---

[3] U.S.S.G. § 3C1.1 provides as follows:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by **2** levels.

Having properly determined Cedeno's amended advisory guidelines range, nothing prevented the district court from considering offense conduct it found to be dangerous obstruction in denying Cedeno's § 3582(c)(2) motion. Conduct that relates to a possible guidelines enhancement—whether the conduct ultimately justifies an enhancement or not—may nonetheless be considered for purposes of balancing the § 3553(a) factors. *See United States v. Turner*, 626 F.3d 566, 574 (11th Cir. 2010) (reasoning that district court could consider conduct underlying an enhancement to balance § 3553(a) factors); U.S.S.G. § 3C1.1, cmt. n.5 (noting that some conduct may not warrant adjustment but "may warrant a greater sentence within the otherwise applicable guideline range"). Thus, the district court did not abuse its discretion in considering Cedeno's obstructive conduct for purposes of § 3553(a).

## B.    Balancing § 3553(a) Factors

The district court also did not abuse its discretion in finding the § 3553(a) factors warranted denying Cedeno's motion to reduce his sentence. The district court considered the § 3553(a) factors when it denied Cedeno's § 3582(c)(2) motion and found Cedeno (1) was involved in a large marine smuggling venture; (2) transported almost a ton of cocaine; (3) fled Coast Guard pursuit, requiring the Coast Guard to use disabling fire; and (4) jettisoned cocaine bales into the ocean, requiring recovery by the Coast Guard. Additionally, the sentencing court previously had noted Cedeno's heavy involvement with the smuggling venture, as evidenced by his entrustment with so much cocaine and his detailed proffer.

Cedeno faults the district court for placing "too much weight" on the nature and circumstances of his offense and "too little weight" on mitigating factors like Cedeno's difficult upbringing, his "excellent conduct since his arrest," and the amended guideline range. As an initial point, the district court was not *required* to consider Cedeno's post-sentencing conduct or rehabilitation. *See United States v. Doyle*, 857 F.3d 1115, 1121 (11th Cir. 2017) (stating that district court "may" consider post-sentencing rehabilitation at resentencing). More fundamentally, however, Cedeno ignores that the weight to be accorded each § 3553(a) factor, is "a matter committed to the sound discretion of the district court." *United States v. Ramirez-Gonzalez*, 755 F.3d 1267, 1272 (11th Cir. 2014) (quoting *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007)). It is not for this Court to reweigh the § 3553(a) factors. *Id.* at 1273.

In a footnote, Cedeno suggests an additional basis to find the district court abused its discretion.[4] Cedeno points to the district court's statement that Cedeno was subject to an ICE detainer and would likely be deported upon release. The district court did not explain which § 3553(a) factor Cedeno's ICE detainer related to, and its passing reference thereto does not establish that the district court abused its discretion by giving "significant weight to an

---

[4] In another footnote, Cedeno says "this district court has not granted a single unopposed . . . Amendment 821 motion." To the extent Cedeno is suggesting the district court did not conduct an individualized inquiry, the district court's order, as summarized herein, belies that contention.

improper or irrelevant factor." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quoting *United States v. Campa*, 459 F.3d 1121, 1174 (11th Cir. 2006) (en banc)).

In sum, the district court did not abuse its discretion in denying Cedeno's § 3582(c)(2) motion for a sentence reduction based on its consideration of the § 3553(a) factors.

**AFFIRMED.**